IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Case No. 1:12-cr-00319 |
| v. ) | |
| ) | Honorable Liam O'Grady |
| MARIA FLORINDA BENITEZ-PINEDA, ) | |
| also known as "Flor" and "Loli," ) | |
| ) | |
| Defendant. ) | |

## STATEMENT OF FACTS

The parties stipulate that the allegations in the Criminal Information and the following facts are true and correct, and that had the matter gone to trial the United States would have proven them beyond a reasonable doubt.

1. Between in and around early 2012, the exact date being unknown, through in and around May 2012, within the Eastern District of Virginia and elsewhere, the defendant, Maria Florinda Benitez-Pineda, also known as "Flor" and "Loli," did unlawfully, knowingly, and intentionally combine, conspire, confederate, and agree with other persons, both known and unknown, to unlawfully, knowingly, and intentionally distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

2. During the course and in furtherance of the conspiracy, members of the conspiracy within the United States, including, but not limited to, the defendant, Samuel Benitez-Pineda (also known as "Wilfredo Benitez," "Roque," and "Chiripa"), Concepcion Benitez-Pineda (also known as "Conchi" and "Concha"), Mario Benitez-Pineda (also known as

"Chaparro" and "Cuzuco"), and Mario D. Alvarado Flores (also known as "Marito") regularly received wholesale quantities of cocaine from sources of supply in Honduras.

3. During the course and in furtherance of the conspiracy, couriers smuggled the cocaine from Honduras into the United States by carrying it in seemingly innocent items such as decorative wooden frames and shoes. The couriers flew into various airports within the United States, to include Washington Dulles International Airport, in Loudoun County, Virginia, within the Eastern District of Virginia.

4. During the course and in furtherance of the conspiracy, members of the conspiracy within the United States distributed the cocaine smuggled from Honduras to customers and/or other co-conspirators, who in turn distributed it to their customers. Co-conspirators who, during the course and in the furtherance of the conspiracy, distributed cocaine to other co-conspirators and/or their own customers included, but were not limited to, the defendant, Samuel Benitez-Pineda, Concepcion Benitez-Pineda, Mario Benitez-Pineda, Mario D. Alvarado Flores, Jose Maria Benitez-Pineda, Jose Benitez-Pineda (also known as "Bonny" and "Jose Wilmar Nolasco"), and Santos Efrain Carbajal Benites.

5. During the course and in furtherance of the conspiracy, co-conspirators collected payments in exchange for the distributed cocaine and then later sent portions of the proceeds back to the sources of supply in Honduras via wire transfers. Co-conspirators would sometimes send the wire transfers themselves, while other times they would use other co-conspirators or third parties to send the wire transfers on their behalf.

6. During the course and in furtherance of the conspiracy, the defendant communicated with co-conspirators via cellular telephone to discuss and further their drug trafficking activity. In doing so, members of the conspiracy used various methods to avoid the

detection of law enforcement, including communicating on pre-paid cellular telephones not associated with their real names; changing the telephones and/or telephone numbers they used; and using coded language to try and disguise the nature of their conversations.

7. During the course of and in furtherance of his participation in the conspiracy, the defendant was personally involved in the distribution of, or it was reasonably foreseeable to the defendant that the defendant's co-conspirators distributed in furtherance of the conspiracy, at least 500 grams of a mixture and substance containing a detectable amount of cocaine.

8. The acts taken by the defendant in furtherance of the offense charged in this case, including the acts described above, were done willfully and knowingly with the specific intent to violate the law. The defendant acknowledges that the foregoing Statement of Facts does not describe all of the defendant's conduct relating to the offense charged in this case nor does it identify all of the persons with whom the defendant may have engaged in illegal activities. The defendant further acknowledges that the defendant is obligated under the plea agreement to provide additional information about this case beyond that which is described in this Statement of Facts.

9. The Statement of Facts shall be admissible as a knowing and voluntary confession in any proceeding against the defendant regardless of whether the plea agreement is presented to or accepted by a court. Moreover, the defendant waives any rights that the defendant may have under Fed. R. Crim. P. 11(f), Fed. R. Evid. 410, the United States Constitution, and any federal statute or rule in objecting to the admissibility of the Statement of Facts in any such proceeding.

Respectfully submitted,

NEIL H. MACBRIDE
United States Attorney

_____
SEAN P. TONOLLI
Assistant United States Attorney
SCOTT B. NUSSBUM
EMILY M. LOEB
Special Assistant United States Attorneys

Defendant's Signature

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, Maria Florinda Benitez-Pineda, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

Date: 7/15/12

*Maria F Benitez*
Maria Florinda Benitez-Pineda
Defendant

Defense Counsel Signature

I am Maria Florinda Benitez-Pineda's attorney. I have carefully reviewed the above Statement of Facts with her. To my knowledge, her decision to stipulate to these facts is an informed and voluntary one.

Date: July 15, 2012

Chester L. Banks
Counsel for the Defendant